GREEN, J.
delivered the opinion of the court.
The first question in this case is, as to the operation of die statute of limitation in relation to the boy Washington. By an act of North Carolina, passed in 1806, ch. —, sec. 1, it is declared that all gifts of slaves shall be void, unless made in writing, duly proved and recorded. The fact, therefore, that Washington was sent to Baker, by die old man M’Donald, without any thing having been said as to the terms upon which Baker was to hold him, *148 cannot be construed as a gift, and confer on Baker m. right to the negroe, as was formerly held in North Carolina. (1 Hay. Rep. 2, Ferrill vs. Perry.) The act of 1806 was intended to prevent such presumption. Inasmuch, therefore, as the defendant Baker could not presume that a gift was intended, when the boy Washington was sent to him, it is to be presumed, in the absence of all evidence to the contrary, that the possession he held of Washington was consistent with the title of old M’Donald. There was no proof that Baker held Washington, adversely to M’Donald, and such adverse possession cannot be presumed from the mere fact, that he was permitted to remain at his house. Ang. on Lim. 82, 87. For as die law forbad the idea, that Washington was given to Baker, when he was first sent, he must have been put in the hands of Baker as a loan only; and his peaceable possession after-wards, was only a continuation of the loan, and die possession of Baker was the possession of M’Donald, and not adverse to Iris right. The statute of limitations therefore has no application.
As to the boy Europe, the proof is that the complainant made a gift of her life estate in him to Baker. This gift, although not good to vest the title, because of the act of 1806, yet it changed the character of Balter’s possession, which from that time became adverse, and having so possessed said negro for more than three years before the bill was filed, claiming him as his own, the statute of hmitations is a bar to the complainant’s recovery of him. Hardeson vs. Hays, 5 Yerg. Rep. 507.
Balter’s possession of the negroes Washington and Lucy, since he was qualified as executor of M’Donald’s will, has been held in his official character. He cannot resist the bill of the legatee, upon the ground of such possession, for an executor cannot be protected by the statute of limitations against a legatee. Angel on Lim. 356: 7 John. Ch. Rep. 126, Kane vs. Bloodgood. The reason why an executor may plead the statute of limita *149 tions in New York against a legatee, as is shown by- the case cited, is because of a statute of that State, giving an action at law for the recovery of legacies; and as the statute might be pleaded to such action, it follows by the established rule of courts of equity, that it will avail ■ against a bill, which may be brought for the recovery of the same right. But here we have no such statute, and the legacy can only be recovered in a court of equity. As the executor is an express trustee and can only be .sued by the legatee in a court of chancery, the statute of limitations has no application. Armstrong’s heirs vs. Campbell, 3 Yerg. Rep. Upon the whole the decree of the circuit court will be affirmed.
Decree affirmed.